NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSEPH TSCHUDY, | : | |
| Plaintiff, | : | Civil Action No. 18-3424 (SRC) |
| v. | : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Joseph Tschudy ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning September 1, 2014. A hearing was held before ALJ Beth Shillin (the "ALJ") on March 7, 2017, and the ALJ issued an unfavorable decision on August 29, 2017, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of August 29, 2017, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual

functional capacity to perform sedentary work, with certain limitations. At step four, the ALJ also found that Plaintiff did not retain the residual functional capacity to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on several grounds, but this Court need only reach the argument that succeeds: at step four, the residual functional capacity determination is not supported by substantial evidence.

At step four, in making the residual functional capacity assessment, the ALJ concluded that Plaintiff retains the residual functional capacity to sit for six hours out of an eight-hour workday. The ALJ generally reviewed the medical evidence meticulously and in detail, but provided no discussion of any evidence supporting this particular conclusion. Given that the ALJ concluded that Plaintiff retained the residual functional capacity to perform sedentary work, the assessment of the ability to sit during a workday would appear to be material.

Plaintiff contends that the ALJ's determination of the ability to sit is not supported by substantial evidence. Plaintiff makes a number of important points. First, Plaintiff notes that, in making the residual functional capacity determination at step four, the ALJ stated that she gave "strong weight" to the opinion of consultative orthopedic examiner Dr. Mohit. (Tr. 35.) Second, Plaintiff contends that the ALJ overlooked Dr. Mohit's concluding statement that Plaintiff was uncomfortable sitting during the examination and had to change position a couple

2

of times.  Third, Plaintiff points to the vocational expert's testimony about the requirements of the sedentary jobs under consideration.[1]

Dr. Mohit submitted a report, dated October 18, 2015, which concluded with four medical findings, one of which was "lumbosacral strain," followed by a single paragraph, here quoted in its entirety:

> Note: This patient is in no acute distress.  He ambulates with minimal difficulty and slowly.  He has no difficulty getting dressed and undressed, on and off the examining table.  He was uncomfortable in seated position and during the exam, a couple of times, he had to change position.  There is a normal range of movement in cervical.[*sic*]  There is limitation in the range of movement of lower back.  There is no pain on straight leg raising bilaterally.  There is no motor or sensory abnormality, no atrophy, and no abnormal reflexes.

(Tr. 1617.)  This Court will not attempt to parse or interpret Dr. Mohit's statements.  Dr. Mohit both documented back problems and observed that Plaintiff had difficulty sitting.  This Court finds only that Dr. Mohit's report does not constitute substantial evidence that Plaintiff can sit for six out of eight hours.

The Court finds that the evidence of record supports Plaintiff's argument.  The ALJ pointed to no evidence to support the determination that Plaintiff retains the residual functional capacity to sit for six hours in an eight-hour workday.  The ALJ stated that she gave strong weight to the opinion of Dr. Mohit.  Dr. Mohit did not report a formal assessment of Plaintiff's residual functional capacity, but his concluding statement does not constitute substantial evidence in support of the ALJ's determination.  Instead, Dr. Mohit reported that he observed

---

[1] Plaintiff points to the vocational expert's testimony which discussed the impact of various limitations in the ability to sit on various jobs.  (Tr. 114-15.)  Plaintiff's counsel proposed a hypothetical limitation, and the expert stated that it would bar one job, but not another, and would require accommodations in a third.  (Id.)  The Court need not address these issues at this juncture, but this testimony supports the idea that the ability to sit for specific periods of time is a

Plaintiff's difficulty with sitting, as well as a limited range of motion for the lower back. Not only are these statements *not* substantial evidence of an ability to sit for six hours; these findings constitute relevant medical evidence which the ALJ overlooked.

Plaintiff raised this argument in the opening brief. The Commissioner's opposition brief misapprehends Plaintiff's argument, which is quite straightforward: as to the ability to sit, the ALJ's decision is not supported by substantial evidence. The Commissioner's brief points to no assessment by any medical expert which states anything about Plaintiff's capacity to sit. Instead, the brief offers a list of various pieces of medical evidence and argues that these support the ALJ's determination. If anything in the list was an assessment of Plaintiff's ability to sit, this Court might be persuaded, but nothing is.

The Court agrees with Plaintiff that, as to the sitting component of the residual functional capacity determination, the ALJ's determination is not supported by substantial evidence. The Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

                                                  s/ Stanley R. Chesler
                                                  STANLEY R. CHESLER, U.S.D.J.

Dated: May 15, 2019

---

material consideration for employability in this case.