UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH TSCHUDY,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | Civil Action No. 18-3424 (SRC)<br><br>**OPINION & ORDER** |

**CHESLER**, District Judge

　　This matter comes before the Court on two motions for attorney's fees, pursuant to 42 U.S.C. § 406(b), by counsel to Plaintiff Joseph Tschudy. Although the Commissioner responded to each motion, both responses appear to be only clarifying, not opposing. For the reasons stated below, the motions will be granted.

　　In 2015, Plaintiff and Counsel entered into an agreement for Counsel to represent Plaintiff in the federal Social Security appeal process. The agreement provided for a contingent fee arrangement, with Plaintiff agreeing that Counsel was entitled to 25% of retroactive benefits awarded. Counsel represented Plaintiff through the appeal process. Plaintiff ultimately prevailed and three awards have been made: 1) on May 6, 2020, the Social Security Administration issued an Award Notice stating the amount of past due benefits due to the Plaintiff, $85,745.60; and 2) on June 8, 2020, the Social Security Administration issued two Award Notices, one for each of Plaintiff's two children, stating amounts of past due benefits due to one child of $16,499.50 and $21,762.00 for the second child.

1

Thus, as to the first motion regarding the first fee award, the amount awarded is $85,745.60. Twenty-five percent of the past due benefits amounts to $21,080 ($85,745.60x 25%=$21,080.00). As to the second motion regarding the fee awards to the children, the total amount of benefits awarded is $48,786.50. Twenty-five percent of the past due benefits amounts to $10,525 ($48,786.50x 25%=$10,525.00). Plaintiff's attorney was previously awarded $7,732.80 in attorney fees and, as required by law, the attorney will refund the amount of EAJA fees of $7,732.80 to the Plaintiff upon receipt of these fee awards.

Counsel now asks this Court to authorize payment of these of fees. Counsel contends that the requested fee is fair and reasonable given that Plaintiff recouped five years in wrongfully denied past-due benefits thus far, and the number of hours spent pursuing Plaintiff's federal court case and on the administrative portion of this case (approximately 128 hours in total).

The statute, 42 U.S.C. § 406(b)(1)(A), states:

> Whenever a court renders a judgment favorable to a claimant under this title [42 USCS §§ 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

The statute requires that the fee must be reasonable. Plaintiff and his counsel entered into a contingent fee agreement, under which counsel is entitled to a fee of 25 percent of the past due benefits awarded to Plaintiff. Because this is within the statutory maximum allowed by § 406(b), and taking into account the highly successful result obtained for Plaintiff, the amount of time spent on the case, counsel's experience and normal hourly rate, and the risk inherent in taking cases on contingency, the Court concludes that the requested fee is reasonable.

For these reasons,

**IT IS ON THIS** 18th DAY OF June, 2020

2

**ORDERED** that Plaintiff's motion for attorney's fees (Docket Entry No. 27) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's second motion for attorney's fees (Docket Entry No. 29) is **GRANTED**; and it is further

**ORDERED** that the Court authorizes two payments to Sheryl Gandel Mazur, Esquire, the first in the amount of $21,080.00, and the second in the amount of $10,525.00, in attorney's fees which have been withheld from Plaintiff's past-due benefits for court-related services.

                                                              s/ Stanley R. Chesler
                                               STANLEY R. CHESLER, U.S.D.J.